# Exhibit A

No. _____  24A03955

**Date Summons Issued and E-Filed**

7/8/2024

_____
/s/ Monica Gay

Deputy Clerk

Deposit Paid $ _____

[ ] **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

E.J.
c/o: The Stoddard Firm
1534 N Decatur Road NE, Atlanta, GA 30307

Plaintiff's name and address

**vs.**

Olympia Hotel Management, LLC
c/o: Cogency Global, Inc., registered agent
900 Old Roswell Lakes Pkwy, Ste. 310, Roswell, GA 30076
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Matthew B. Stoddard, Esq.
Name
1534 N Decatur Road NE, Atlanta, GA 30307
Address
(470) 467-2200                              558215
Phone Number                              Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney                       Third Party Attorney

Address                                    Address

Phone No.          Georgia Bar No.          Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☐ Personal Injury ☐ Products Liability        Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability        Interest $ _____
☐Other
                                            Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
**☐(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of  Dekalb  County

| For Clerk Use Only | |
|---|---|
| Date Filed  7/8/2024 | Case Number  24A03955 |
| MM-DD-YYYY | |

**Plaintiff(s)**

E.J.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Olympia Hotel Management, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Kuzzin Buford, LLC; Robbie Patterson;

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Tonia Tenneson; and John Does # 1-5

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney**  Matthew B. Stoddard     **Bar Number**  558215     **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| E.J. | : | |
| *Plaintiff,* | : | CIVIL FILE ACTION |
| | : | No.: 24A03955 |
| vs. | : | |
| OLYMPIA HOTEL MANAGEMENT, LLC; | : | |
| KUZZINS BUFORD, LLC, ROBBIE | : | **DEMANDED** |
| PATTERSON; TONIA TENNESON; and | : | |
| JOHN DOES #1-5; | : | |
| *Defendants.* | : | |

## COMPLAINT

Matthew B. Stoddard, Esq.
Janine Bell, Esq.
The Stoddard Firm
1534 N. Decatur Rd. NE
Atlanta, GA 30307
P: 470-467-2200
F: 470-467-1300
Matt@LegalHelpGa.com
Janine@LegalHelpGa.com
*Attorneys for Plaintiffs*

STATE COURT OF
DEKALB COUNTY, GA.
7/8/2024 12:01 PM
E-FILED
BY: Monica Gay

## The Gwinnett County State Court Action:

1.

Plaintiff E.J. originally filed an action against Defendant Kuzzins Buford in Gwinnett County State Court on March 13, 2024, with Civil File Action Number 24-C-02319-S6.  There were no other Defendants.  A filed stamped copy of the Gwinnett County Complaint is attached hereto as Exhibit A.

2.

Service was perfected on Defendant Kuzzins Buford, LLC in the Gwinnett County State Court action.  A file-stamped copy of the Gwinnett County affidavit of service is attached hereto as Exhibit B.

3.

The Gwinnett County State Court action was dismissed without prejudice on June 18, 2024, and a file-stamped copy of that dismissal without prejudice is attached as Exhibit C.

4.

All court costs associated with the Gwinnett County State Court action have been paid pursuant to O.G.C.A. § 9-11-41(d).  Proof that such costs were paid is attached hereto as Exhibit D.

## Parties & Procedural Jurisdictional Statement:

5.

Plaintiff E.J. is a military veteran and a resident of North Carolina who consents to the jurisdiction and venue of this Court.

2

6.

Defendant Olympia Hotel Management, LLC (hereinafter "Hotel Management") is a foreign for-profit limited liability company that may be served through its registered agent Cogency Global, Inc. at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076.

7.

Jurisdiction and venue are proper in this action as to Defendant Hotel Management.

8.

Defendant Hotel Management was properly served with process in this action.

9.

Defendant Kuzzins Buford, LLC (hereinafter "Kuzzins") is a domestic for-profit limited liability company that may be served through its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.

10.

Jurisdiction and venue are proper in this action as to Defendant Kuzzins.

11.

Defendant Kuzzins was properly served with process in this action.

12.

Defendant Robbie Patterson is a resident and citizen of Georgia who can be served at 4741 Unicoi Place in Douglasville GA.

13.

Jurisdiction and venue are proper in this action as to Defendant Patterson

14.

Defendant Patterson was properly served with process in this action.

3

15.

Defendant Tonia Tennerson is a resident and citizen of Georgia who can be served at 1331 Penny Lane SE Apt 1331 Marietta Georgia.

16.

Jurisdiction and venue are proper in this action as to Defendant Tennerson

17.

Defendant Tennerson was properly served with process in this action.

18.

Defendants John Doe(s) # 1 - 5 are commercial business(es) and/or individuals(s) engaged in ownership, operation, control, management, or in providing contracting services at the premises. The identities of John Doe(s) are unknown to Plaintiff at this time but are readily ascertainable to Defendant. Once the identities of John Doe(s) are discovered, this Complaint will be amended to substitute any party that is or may be liable to Plaintiff.

**Additional Procedural Matters**:

19.

Given the nature of the case, Plaintiff is identified in this Complaint by her initials to prevent public disclosure of her name. Plaintiff's counsel has disclosed Plaintiff's full name to defense counsel already. When filing this Complaint, Plaintiff's counsel also filed a Motion for Protective Order regarding proceeding by initials – a protective order that defense counsel in the Gwinnett County State Court Action previously agreed to use on that matter. Upon information and belief, Defendants will consent to Plaintiff proceeding without publicly disclosing her name.

4

20.

The incident that is the basis of this lawsuit occurred on August 8, 2017.  It was reported to the police, but the suspect has not been convicted.  As a result, the statute of limitations was tolled from August 8, 2017, through and including August 8, 2023 (six years).  The statute thereafter began to run and does not expire until August 8, 2025.  The tolling period is based on O.C.G.A. § 9-3-99 as interpreted by *Harrison v. McAfee*, 338 Ga. App. 393 (2016) (*en banc*).

21.

Plaintiff has paid the cost in the original action, is recommencing the action in a court of this state within the original applicable period of limitations, and this is the first attempted renewal of this action. *See* O.C.G.A. § 9-2-61(a); *See also Daugherty v. Norville Industries, Inc.*, 174 Ga. App. 89, 90 (1985) (a good faith effort to pay cost is all that is required).

**Operative Facts:**

22.

The property located at 1840 Corporate Boulevard, Brookhaven, Georgia 30329 is a Microtel Inn & Suites owned by Defendant Kuzzins and jointly operated / managed by Defendant Kuzzins and Defendant Hotel Management.

23.

Throughout the summer and early fall of 2017, Defendant Patterson was the general manager of the Microtel and Defendant Tenneson was the night clerk.

24.

Throughout the summer and early fall of 2017, Defendants rented rooms at the hotel to members of a street gang called the LUMMINATIS.  Rooms were rented to, at least, Derek

Barrion and Haitham Alwafi but were occupied (with the knowledge of Defendants) by many additional persons including Sekerick Qernard Wilson a/k/a Kool (hereinafter "Wilson"), Eric Shelton, and Jaquecea Taylor.

25.

In the summer of 2017, Wilson was thirty-seven years old.

26.

In the summer of 2017, the LUMMINATIS street gang, including Wilson had been living at the hotel in rooms that included 225 and others nearby including rooms on the third level, and the street gang and had been using those rooms to traffic women for sex, pay prostitutes to have sex with them, deal drugs including cocaine, use drugs including cocaine, and commit other criminal behavior.

27.

Meanwhile, also in the summer of 2017, Plaintiff E.J. was as seventeen-year-old child who lived with her aunt (her guardian) in Kinston North Carolina.

28.

While out with friends, Plaintiff was approached by Wilson who told Plaintiff that he was music producer, that he could take her career to the next level, that he had a music studio in Atlanta, and that he would like to record her as a rap artist.

29.

Wilson ultimately purchased a bus ticket for Plaintiff, and convinced Plaintiff to travel to Atlanta.

30.

Wilson picked Plaintiff up at the bus station and took her to the hotel where he provided

her with room believed to be room 222.

31.

After the first evening, Wilson told Plaintiff that she would need to move into a new

room – believed to be room 225.

32.

Plaintiff agreed but inquired why she had not yet been to the studio to record; she was

told to be patient.

33.

Wilson next told Plaintiff that she had 72 hours to decide if she wanted to join the

LUMMINATIS street gang, and that if she did not choose to join, that she would drugged and

that her family members would be killed.

34.

Plaintiff asked what was required, and Wilson then explained that Plaintiff must have sex

with four people in order to join, but when Plaintiff responded that she did not want to join and

that anything bad should just happen to her and not her family, Wilson said that Plaintiff would

only have to have sex with Wilson but that it would need to be on camera.  Plaintiff was crying.

There were multiple other gang members in the hotel room during this conversation.

35.

Wilson then took Plaintiff to another room at the hotel and forced her to use drugs in that

other hotel room.

36.

At this point, it was very early in the morning, and Wilson called the front desk, spoke to

Defendant Tenneson and requested a third hotel room.  Defendant Tenneson complied and gave

him another room.

37.

Thirty-seven-year-old Wilson and seventeen-year-old Plaintiff went to the front desk and got the key from Defendant Tenneson – Plaintiff was crying.

38.

Wilson took Plaintiff to the new room and raped her.

39.

Plaintiff escaped the next day and reported the matter to the police.  Wilson was ultimately arrested but has not been convicted of any crime related to this incident.

40.

Prior to the rape, Defendant Tenneson frequently gave room keys to Wilson even though he was not listed as the person who rented any rooms at the hotel.

41.

Prior to the rape, Wilson was on the Defendant's "do not rent list" but was allowed to stay at the hotel as long as rooms were in other persons names.

42.

Prior to the rape, Defendants believed that Wilson was a problem tenant but did not do anything about him.

43.

Plaintiff E.J. experienced shock, fright, terror, and pain during and after this horrific ordeal.

44.

Plaintiff E.J. did not consent to the sexual assault.  Instead, she exercised ordinary care and diligence at all times herein and under the circumstances then existing.

45.

Defendants negligently allowed persons with criminal disposition access and unauthorized use of the premises and rooms at the Microtel for the purpose of criminal activity prior to and subsequent to the attack upon Plaintiff E.J.

46.

Defendants negligently failed to control room keys at the Microtel.

47.

Defendants had actual and constructive knowledge of criminal activity existing in the neighborhood and at the property prior to the sexual assault of E.J., but negligently failed to warn their invitees, including E.J., of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

48.

Defendants negligently failed to implement and/or maintain an effective crime prevention program.

49.

Defendants negligently failed to maintain adequate security devices to prohibit improper use of or access to the property, thereby causing an unreasonable risk of injury to invitees, including E.J.

50.

Defendants knew of, or with the exercise of due care for the safety of its invitees should have known of, the dangerous and hazardous conditions existing on the premises and that failure to maintain and secure the premises would likely result in the injuries suffered by E.J., but failed to act to correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the

dangerous environment of said property.

51.

Defendants were and are *negligent per se*.

52.

Defendants were negligent and said negligence proximately caused Plaintiffs' injuries in the following ways:

a.     Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b.     Violation of O.C.G.A. § 44-7-14 by failing to keep the premises in repair;

c.     Violation of O.C.G.A. § 44-1-4 by harboring a nuisance on their property;

d.     Violation of Chapter 18 of Dekalb County ordinances regarding maintaining nuisances on the property associated with illegal criminal activity;

e.     In failing to properly inspect and maintain the premises;

f.     In failing to warn of the latent dangers on the premises;

g.     In breaching tort duties to provide proper security to E.J.; and,

h.     In failing to implement appropriate security measures to detect and deter crime

53.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at the premises due to the direct knowledge of its employees and agents.

54.

Defendants had constructive knowledge of the dangerous and hazardous conditions existing on the premises through the knowledge of its employees and agents and due to the prior criminal activity and dangers associated with the property and surrounding areas.

55.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained property.

56.

Defendants are liable for the sexual assaults of then minor E.J.. Said sexual assaults of E.J. occurred without necessity, privilege, or consent.

57.

Defendants negligently represented to their invitees that the property at issue was properly maintained and secured.

58.

Defendants negligently failed to provide or keep in a state of repair adequate physical property security features.

59.

Defendants failed to take appropriate action to remedy or reduce the danger to its invitees, including E.J., and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

60.

Defendant Patterson was the manager in charge of the property and the person most responsible for enforcing policies and laws and keeping the property safe on behalf of the Defendants, but Defendant Patterson failed in his tasks and continued to rent rooms to the gang after he should have known of their violent dispositions.

11

61.

Defendant Tenneson likewise rented rooms repeatedly to the gang and gave room keys to Wilson even though he was on the do-not-rent list and allowed him to stay at the hotel even though she should have been aware that Wilson was committing crimes at the property.

62.

Each of the foregoing acts and omissions constitutes an independent act of negligence on the part of Defendants and one or more of the above-stated acts were the proximate cause of the injuries to Plaintiff. But for said tortious acts, E.J. would not have been raped at the Microtel.

63.

Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence of Defendants. But for the negligence of Defendants, Plaintiff E.J. would not have suffered serious injuries, physical pain, mental and psychological suffering, and sexual assault.

64.

As a result of Defendant's negligence, Plaintiff incurred reasonable and necessary medical expenses, likely exceeding $10,000.00.

65.

Plaintiff states her intention to bring each and every claim permissible under Georgia law, including all individual and estate claims, and seek all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, economic, general, punitive, and all other damages permissible under Georgia law, including, but not limited to:

a.      Personal injuries;

b.      Pain and suffering;

c.      Mental anguish;

d.      Loss of the capacity for the enjoyment of life;

g.      Incidental expenses;

h.      Loss of earnings;

i.      Medical expenses; and,

j.      Consequential damages to be proven at trial.

66.

Plaintiff seeks damages in an amount to be determined by the enlightened conscience of a fair and impartial jury.

67.

Plaintiff is entitled to recover all expenses and attorney's fees pursuant to O.C.G.A. § 13-6-11 because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

68.

The jury is entitled to impose punitive damages because the actions of Defendants showed an entire want of care, which would raise the presumption of conscious indifference to consequences.

WHEREFORE, Plaintiffs pray for a judgment against Defendants for the following:

1)      That process and summons issue requiring Defendants to appear as provided by law to answer the allegations of the Complaint

2)      Plaintiff be awarded actual damages in amounts to be shown at trial;

3)      Plaintiff be awarded all damages for the rapes of E.J. and all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants;

4)      Plaintiff be awarded all medical expenses in an amount to be shown at trial;

13

5)    Punitive damages be imposed on Defendants in an amount to be determined by the enlightened conscience of the jury;

6)    Plaintiff be awarded a trial by jury; and

7)    Plaintiff has such other relief as this Court deems just and appropriate under the circumstances.

**TRIAL BY JURY IS HEREBY DEMANDED**

This 8th day of July, 2024.

/s/ Matthew B. Stoddard
Matthew B. Stoddard
Ga. Bar No.: 558215
M. Janine Bell
Ga. Bar No.: 538932
THE STODDARD FIRM
1534 N. Decatur Rd. NE
Atlanta, GA 30307
P: 470-467-2200
F: 470-467-1300
Matt@LegalHelpGa.com
Janine@LegalHelpGa.com
*Attorneys for Plaintiffs*

STATE COURT OF
DEKALB COUNTY, GA.
7/8/2024 12:01 PM
E-FILED
BY: Monica Gay

14

# **Exhibit A**

15

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
24-C-02319-S
3/13/2024 4:52 PI
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**E.J.** _____

_____

_____

        PLAINTIFF

    VS.

Kuzzins Buford, LLC

c/o: Corporation Service Company, registered

agent, 2 Sun Court, Ste. 400, Peachtree Corners,

GA 30092        DEFENDANT

CIVIL ACTION 24-C-02319-S6
NUMBER:_____.

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Matthew B. Stoddard / M. Janine Bell
The Stoddard Firm, 1534 N Decatur Road NE, Atlanta, GA 30307
470-467-2200

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
    14th day of March, 2024

        Tiana P. Garner
        Clerk of State Court

        By_____
          Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**24-C-02319-S**
3/13/2024 4:52 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __Gwinnett__ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | Case Number | 24-C-02319-S6 |

**Plaintiff(s)**
J., E.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Kuzzins Buford, LLC d/b/a Microtel Inn & Suites by Wyndham

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Matthew B. Stoddard   **Bar Number** 558215   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**                        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE...
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**24-C-02319-S**
**3/13/2024 4:52 PI**
TIANA P. GARNER, CLER

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| E.J. | : | |
| *Plaintiff,* | : | CIVIL FILE ACTION |
| | : | 24-C-02319-S6 |
| vs. | : | NO.: |
| | : | |
| KUZZINS BUFORD, LLC d/b/a | : | **JURY TRIAL** |
| Microtel Inn & Suites by Wyndham | : | **DEMANDED** |
| | : | |
| *Defendant.* | : | |

## COMPLAINT

Matthew B. Stoddard, Esq.
Janine Bell, Esq.
The Stoddard Firm
1534 N. Decatur Rd. NE
Atlanta, GA 30307
P: 470-467-2200
F: 470-467-1300
Matt@LegalHelpGa.com
Janine@LegalHelpGa.com
***Attorneys for Plaintiffs***

**Parties & Procedural Jurisdictional Statement:**

1.

Plaintiff E.J., a minor at the time, was sexually assaulted multiple times at Defendant Kuzzins Buford, LLC's Microtel.

2.

Plaintiff E.J. is a resident of North Carolina and consents to the jurisdiction of this court.

3.

Kuzzins Buford, LLC (hereinafter "Kuzzins") is a domestic for-profit limited liability company that may be served through its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA 30092.

4.

Jurisdiction and venue are proper in this action as to Defendant Kuzzins.

5.

Defendant Kuzzins was properly served with process in this action.

**Additional Procedural Matters:**

6.

Given the nature of the case, Plaintiff is identified in this Complaint by her initials to prevent public disclosure of her name. Plaintiff's counsel has either previously disclosed her full name to defense counsel or will immediately upon identification of defense counsel. When filing this Complaint, Plaintiff's counsel also filed a Motion for Protective Order seeking Court permission for Plaintiff to proceed anonymously. Upon information and belief, Defendant will consent to Plaintiff proceeding without publicly disclosing her name.

2

7.

Defendant consents to the electronic service of the pleadings as is allowed by O.C.G.A. § 9-11-5(f), and therefore, has placed an e-mail address below the signature block of its answer.

8.

Pursuant to O.C.G.A. § 9-11-45(a)(1)(B), Plaintiff and Defendant agree that their attorneys who are listed in the pleadings may issue and sign subpoenas for persons sought to be deposed in this action so long as the attorneys follow State Disciplinary Board Advisory Opinion No. 40 by providing deposition notices for each person on whom a subpoena is served.

**Statute of Limitations**:

9.

The incident that is the basis of this lawsuit occurred on August 8, 2017.  It was reported to the police, but the suspect has not been convicted.  As a result, the statute of limitations was tolled from August 8, 2017, through and including August 8, 2023 (six years).  The statute thereafter began to run and does not expire until August 8, 2025.  The tolling period is based on O.C.G.A. § 9-3-99 as interpreted by *Harrison v. McAfee*, 338 Ga. App. 393 (2016) (*en banc*).

**Operative Facts, Damages, and Claim for Legal Relief:**

10.

At all times mentioned herein, Defendant Kuzzins Buford, LLC owned, operated, and controlled the premises known as Microtel Inn & Suites by Wyndham, a hotel located at 1840 Corporate Boulevard, Brookhaven, Georgia 30329 (the "Microtel").

11.

At all relevant times, the assailant and Plaintiff were lawful occupants at Defendant

3

Kuzzins' Microtel and were therefore an invitees.

<center>12.</center>

From approximately May 2017 through August 2017, Sekerick Wilson ("Wilson") was a long-term lawful occupant at the Microtel.

<center>13.</center>

On August 6, 2017, Wilson, approximately thirty-six years old, brought minor E.J. to the Microtel and checked E.J. into her room near his room on the second floor.

<center>14.</center>

On August 7, 2017, around check-out time, Wilson instructed E.J. to move her belongings from her room to his room.

<center>15.</center>

Once in Wilson's room, Wilson falsely imprisoned E.J. and allowed one of the several men in his room to sexually assault E.J. while Wilson sat on another bed.

<center>16.</center>

During the early morning hours of August 8, 2017, Wilson went to the front desk, requested, and obtained a key to a vacant room on the third floor for a brief time.

<center>17.</center>

After Wilson obtained the key, he returned to his room and took E.J. to the vacant room.

<center>18.</center>

Once inside the vacant room, Wilson recorded himself while he sexually assaulted E.J.

<center>19.</center>

After this incident, Wilson took E.J. back to his room and while he was sleeping Plaintiff E.J. left the room, met a man who helped her escape, went to a hospital, and reported the incident

<center>4</center>

to Brookhaven Police Department.

20.

As a result of this incident, Sekerick Wilson was ultimately arrested for rape by the Dekalb County Sheriff's Office on February 23, 2018.

21.

Plaintiff E.J. experienced shock, fright, terror, and pain during and after this horrific ordeal.

22.

Defendant Kuzzins owned the premises where this entire incident occurred.

23.

Plaintiff E.J. did not consent to the sexual assaults. Instead, she exercised ordinary care and diligence at all times herein and under the circumstances then existing.

24.

Defendant negligently allowed persons with criminal disposition access and unauthorized use of the premises and rooms at the Microtel for the purpose of criminal activity prior to and subsequent to the attack upon Plaintiff E.J.

25.

Defendant Kuzzins negligently failed to control room keys at the Microtel.

26.

Defendant Kuzzins had actual and constructive knowledge of criminal activity existing in the neighborhood and at the property prior to the sexual assault of E.J., but negligently failed to warn their invitees, including E.J., of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

27.

Defendant Kuzzins negligently failed to implement and/or maintain an effective crime prevention program.

28.

Defendant Kuzzins negligently failed to maintain adequate security devices to prohibit improper use of or access to the property, thereby causing an unreasonable risk of injury to invitees, including E.J..

29.

Defendant Kuzzins knew of, or with the exercise of due care for the safety of its invitees should have known of, the dangerous and hazardous conditions existing on the premises and that failure to maintain and secure the premises would likely result in the injuries suffered by E.J., but failed to act to correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of said property.

30.

Defendant Kuzzins was and is *negligent per se*.

31.

Defendants were negligent and said negligence proximately caused Plaintiffs' injuries in the following ways:

a.  Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b.  Violation of O.C.G.A. § 44-7-14 by failing to keep the premises in repair;

c.  Violation of O.C.G.A. § 44-1-4 by harboring a nuisance on their property;

d.  Violation of Chapter 18 of Dekalb County ordinances regarding maintaining nuisances on the property associated with illegal criminal activity;

6

e.      In failing to properly inspect and maintain the premises;

f.      In failing to warn of the latent dangers on the premises;

g.      In breaching tort duties to provide proper security to E.J.; and,

h.      In failing to implement appropriate security measures to detect and deter crime

32.

Defendant Kuzzins had actual knowledge of the dangerous and hazardous conditions existing at the premises due to the direct knowledge of its employees and agents.

33.

Defendant Kuzzins had constructive knowledge of the dangerous and hazardous conditions existing on the premises through the knowledge of its employees and agents and due to the prior criminal activity and dangers associated with the property and surrounding areas.

34.

Defendant Kuzzins negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained property.

35.

Defendant Kuzzins is liable for the sexual assaults of then minor E.J..  Said sexual assaults of E.J. occurred without necessity, privilege, or consent.

36.

Defendant Kuzzins negligently represented to their invitees that the property at issue was properly maintained and secured.

37.

Defendant Kuzzins negligently failed to provide or keep in a state of repair adequate

7

physical property security features.

38.

Defendant Kuzzins failed to take appropriate action to remedy or reduce the danger to its invitees, including E.J., and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

39.

Each of the foregoing acts and omissions constitutes an independent act of negligence on the part of Defendant and one or more of the above-stated acts were the proximate cause of the injuries to Plaintiff. But for said tortious acts, E.J. would not have been raped at the Microtel.

40.

Plaintiffs sustained injuries and damages, which were directly and proximately caused by the negligence of Defendant Kuzzins. But for the negligence of Defendant Kuzzins, Plaintiff E.J. would not have suffered serious injuries, physical pain, mental and psychological suffering, and sexual assault.

41.

As a result of Defendant's negligence, Plaintiff incurred reasonable and necessary medical expenses, likely exceeding $10,000.00.

42.

Plaintiff states her intention to bring each and every claim permissible under Georgia law, including all individual and estate claims, and seek all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, economic, general, punitive, and all other damages permissible under Georgia law, including, but not limited to:

8

a.      Personal injuries;

b.      Pain and suffering;

c.      Mental anguish;

d.      Loss of the capacity for the enjoyment of life;

g.      Incidental expenses;

h.      Loss of earnings;

i.      Medical expenses; and,

j.      Consequential damages to be proven at trial.

43.

Plaintiff seeks damages in an amount to be determined by the enlightened conscience of a

fair and impartial jury.

44.

Plaintiff is entitled to recover all expenses and attorney's fees pursuant to O.C.G.A. § 13-

6-11 because Defendant has acted in bad faith, been stubbornly litigious, and caused Plaintiff

unnecessary trouble and expense.

45.

The jury is entitled to impose punitive damages because the actions of Defendant showed

an entire want of care, which would raise the presumption of conscious indifference to

consequences.

WHEREFORE, Plaintiffs pray for a judgment against Defendant for the following:

1)      That process and summons issue requiring Defendant to appear as provided by law
        to answer the allegations of the Complaint

2)      Plaintiff be awarded actual damages in amounts to be shown at trial;

3)      Plaintiff be awarded all damages for the rapes of E.J. and all general, special,

9

compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendant;

4) Plaintiff be awarded all medical expenses in an amount to be shown at trial;

5) Punitive damages be imposed on Defendant in an amount to be determined by the enlightened conscience of the jury;

6) Plaintiff be awarded a trial by jury; and

7) Plaintiff has such other relief as this Court deems just and appropriate under the circumstances.

**TRIAL BY JURY IS HEREBY DEMANDED**

This 13th day of March, 2024.

/s/ Matthew B. Stoddard
Matthew B. Stoddard
Ga. Bar No.: 558215
M. Janine Bell
Ga. Bar No.: 538932
THE STODDARD FIRM
1534 N. Decatur Rd. NE
Atlanta, GA 30307
P: 470-467-2200
F: 470-467-1300
Matt@LegalHelpGa.com
Janine@LegalHelpGa.com
**Attorneys for Plaintiffs**

# **Exhibit B**

16

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
24-C-02319-S6
3/19/2024 6:11 PM
TIANA P. GARNER, CLERK

## THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

E.J.,

   Plaintiff,

vs.

KUZZINS BUFORD, LLC d/b/a
MICROTEL INN & SUITES BY
WYNDHAM,

   Defendant.

CIVIL ACTION FILE NO.

24 C 02319-S6

### AFFIDAVIT OF SERVICE OF PROCESS

   COMES NOW the undersigned, Steven M. Barney, Jr. and gives this his affidavit of service of process testifying and deposing as follows:

1.

   I am the age of majority and laboring with no mental disabilities. I give this affidavit based upon personal knowledge. I have no personal or financial interest in the outcome of this case. I am a Court appointed process server authorized to serve process in the above Court.

2.

   I personally served upon KUZZINS BUFORD, LLC d/b/a MICROTEL INN & SUITES BY WYNDHAM the following documents by serving Corporation Service Company, registered agent, via Alicia Smith, authorized to accept service at the address of 2 Sun Court, #400, Peachtree Corners, Georgia on March 19, 2024 at 3:09 p.m.

- Case Initiation
- Summons
- Complaint
- Plaintiff's Interrogatories - Set 1
- Plaintiff's Request for Production - Set 1
- Plaintiff's Request for Admissions - Set 1
- Motion for Protective Order and Leave to Proceed Via Initials with Brief in Support
- Request for Production - Non-Party (Brookhaven Police Department)
- Request for Production - Non-Party (Northside Hospital Atlanta)
- Request for Production - Non-Party (Southern Regional Medical Center)
- Rule 5.2 Certificate

DATED this _19_ day of March, 2024.

STEVEN M. BARNEY, JR.

Sworn to and subscribed before me
This 19 day of _March_, 2024.

Notary Public, State of Georgia
My Commission Expires 2/16/27

Mary Jo Barney
NOTARY PUBLIC
Gilmer County
State of Georgia
My Comm. Expires 2/16/2027

# **Exhibit C**

E-FILED IN OFFICE - C
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**24-C-02319-S**
6/18/2024 3:46 PI
TIANA P. GARNER, CLER

**General Civil and Domestic Relations Case Disposition Information Form**

☐ **Superior or** ☒ **State Court of** Gwinnett _____ **County**

| For Clerk Use Only | |
|---|---|
| Date Disposed _____ <br> **MM-DD-YYYY** | Case Number _____ 24-C-02319-S6 _____ <br><br> Case Style _____ |

**Plaintiff(s)**
E.J.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Kuzzins Buford, LLC d/b/a Microtel Inn & Suites by Wyndham

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Reporting Party** Plaintiff _____

**Plaintiff's Attorney** Matthew B. Stoddard _____   **Bar Number** 558215 _____   **Self-Represented** ☐

**Defendant's Attorney** Kathryn S. Whitlock _____   **Bar Number** 756233 _____   **Self-Represented** ☐

---

**Manner of Disposition**
**Check Only One**

☐   **Jury Trial**
☐   **Bench/Non-Jury Trial**
☒   **Non-Trial Disposition**
   ☐   **Alternative Dispute Resolution**

---

☐   Check if any party was self-represented at any point during the life of the case.

☐   Check if the court ordered an interpreter for any party, witness, or other involved individual.

☐   Was the case referred/ordered to a court-annexed alternative dispute resolution (ADR) process?

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGI
**24-C-02319-S**
**6/18/2024 3:46 PI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| E.J. | : | |
| *Plaintiff,* | : | CIVIL FILE ACTION |
| vs. | : | No.: <u>24-C02319-S6</u> |
| KUZZINS BUFORD, LLC d/b/a | : | **JURY TRIAL** |
| Microtel Inn & Suites by Wyndham | : | **DEMANDED** |
| *Defendant.* | : | |

---

### PLAINTIFF'S DISMISSAL WITHOUT PREJUDICE

---

**COMES NOW**, E.J., plaintiff in the above-styled action,  hereby dismiss her Complaint

<u>without</u> prejudice.

This 18th day of June, 2024.

<div align="right">

**THE STODDARD FIRM**

<u>/s/ Matthew B. Stoddard</u>
Matthew B. Stoddard, Esq.
GA Bar No.: 558215
M. Janine Bell, Esq.
GA Bar No.: 538932

</div>

1534 N Decatur Road, NE
Atlanta, GA 30307
P: 470-467-2200
F: 470-467-1300
matt@legalhelpga.com
janine@legalhelpa.com

## CERTIFICATE OF SERVICE

I CERTIFY that I have served a true and correct copy of the foregoing upon all counsel of record by mailing same, postage prepaid in the United States Mail, electronic service, or another approved method, properly addressed to the following persons:

**Counsel for Defendant**
Kathryn S. Whitlock
Amy A. Harper
MCANGUS GOUDELOCK & COURIE, LLC
270 Peachtree Street, NW
Suite 1800
Atlanta, GA 30343
kate.whitlock@mgclaw.com
amy.harper@mgclaw.com

This 18th day of June, 2024.

*/s/ Matthew B. Stoddard*
Matthew B. Stoddard

# **Exhibit D**

## AFFIDAVIT

**SWORN AFFIDAVIT OF** Marshauna R. Thomas

Marshauna R. Thomas personally appeared before me, and after being put under oath, testified as follows:

### 1.

I am over eighteen years old and am of sound mind. I swear and affirm that following is true and correct and based on my personal knowledge.

### 2.

I am giving this affidavit to the Stoddard Firm, who represents E.J. I am also a paralegal employed by the Stoddard Firm. I have had plenty of time to review all of the below-appearing statements. I have reviewed them, and they are true and correct.

### 3.

On June 20, 2024, I had a phone call with Christy McCullough, Chief Deputy Clerk of Court for Gwinnett County, regarding the need for a cost bill showing a balance due of $0.00.

### 4.

Ms. McCullough informed me in this phone conversation that it is not her office's policy to generate cost bills which show $0.00 balances. Instead, her office only generates cost bills on cases showing balances or cases being transferred to another venue.

### 5.

I asked Christy if the E.J. matter was showing a $0.00 balance on her end, and she verbally stated, "Yes."

### 6.

## AFFIDAVIT

When I requested that Ms. McCullough provide a document from her office showing that the balance is $0.00 on E.J.'s case, Ms. McCullough stated that her office cannot provide any such document and will instead only give verbal confirmation that the balance is $0.00.

### 7.

Ms. McCullough further stated that attorneys normally draft their own affidavits showing no balance due, but the Clerk of Court for Gwinnett County will not do so pursuant to office policy.

### 8.

I asked Christy if she could explain the same thing to my boss Matthew B. Stoddard. She stated that she would. I placed Christy on hold while I tried to call Matt. Matt did not pick up. I ask Christy for her direct telephone because Matt did not answer. I informed Christy that she would need to tell Attorney Matt the same thing that she told me.

### 9.

Christy told me that she did not have a problem with doing that and she provided me her direct telephone number.

### 10.

After the conversation with Christy, I sent Attorney Matthew B. Stoddard, attorney for E.J. and also my boss, an email stating such. Said email is attached hereto as Exhibit A.

### 11.

I also checked Odyssey electronic e-filing system, and the docket reflects a $0.00 balance. Said docket entry is attached hereto as Exhibit B.

### 12.

Including this statement, there are 12 numbered statements and 2 attachments to this

# AFFIDAVIT

affidavit.

This ___1___ day of _July_ ___, 2024.

_Marshauna R. Thomas_

Marshauna R. Thomas

I am a notary public in Georgia, and I certify that Marshauna Thomas signed his/her name to this instrument and swore to me that the following statements in the instrument are true and correct.

Sworn to and subscribed before me

this ___1___ day of _July_ ___, 2024.

Notary Public

BELLE ANNE B. COOPER
MY Commission Expires
NOTARY PUBLIC
06-23-2026
DEKALB COUNTY, GEORGIA

# AFFIDAVIT

## Exhibit A

SWORN AFFIDAVIT; Page 4 of 5

**Subject:** JOHNSON - Cost Bill
**Date:** Thursday, June 20, 2024 at 3:44:09 PM Eastern Daylight Time
**From:** Shauna Bates
**To:** Matthew Stoddard

Christy McCllough called back. Director of All Gwinnett Courts. They will not give us anything showing $0.00 balance. They only give documents when the case is being transferred. Her and I got into a bit of a quable at first but now, we are back on track. Good to go. She wanted to tell you directly that Gwinnett Court do not generate bills that show cost of $0.00. They only generate cost bills if there is money owed OR transfer.

That said, two things. I told her that she needs to tell you that directly. She stated that she will like to speak with you. Her direct dial is 770-822-8055.

I can also do an affidavit that I spoke to her and confirmed that the balance is $0.00.

Let me know.


Kind regards,

Shauna T. Bates
Senior Litigation Paralegal & Office Manager

**The Stoddard Firm**
**1534 N Decatur Road NE**
**Atlanta, GA 30307**
**P: (470) 467-2200**
**F: (470) 467-1300**
shauna@legalhelpga.com
www.thestoddardfirm.com

*Please Note:* Unless you have signed a fee agreement with The Stoddard Firm, this firm does not represent you as your attorney.

# AFFIDAVIT

## Exhibit B

☰                               ▾    ▾    ▾   MS ▾

# Details - Case # 24-C-02319-S6 - Envelope # 15352267

## Envelope

| | |
|---|---|
| **Envelope ID** | **Submitted date** |
| 15352267 | 06/18/2024 3:46 PM |
| **Submitted by** | **Username** |
| Matthew Stoddard | matt@legalhelpga.com |

## Case Information

**Court Location**
Gwinnett County - State Court - Division 6
**Case Type**
Tort - Premises Liability Tort
**Case Category**
Civil
**Judge**
Cope, Veronica

## Parties

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Defendant | KUZZINS BUFORD LLC | AMY A HARPER,KATHRYN S WHITLOCK |
| Plaintiff | E J | MATTHEW B STODDARD,M JANINE BELL |

## Filings

**Filing Code**
General Civil/Dom Rel Disposition Form
**Filing Type**
eFile and Serve
**Filing Description**

eFile GA - Printable Envelope Details

MS

**Filing Code**

**Dismissal without Prejudice**

**Filing Type**

**eFile and Serve**

**Filing Description**

**Client Ref #**

## Service Contacts

| Party Type | Party Name | Service Contacts |
|---|---|---|
| Defendant | KUZZINS BUFORD LLC | 4 |
| Plaintiff | E J | 0 |
| Other Service Contacts | | 12 |

## Fees

**Payment account**

**FIRM VISA**

**Party responsible for envelope fees**

**E J**

**Filing attorney**

**Order ID**

**Transaction Response**

**Transaction Amount**

**$0.00**

**Transaction ID**

**20816273**

| | |
|---|---|
| **Total** | **$0.00** |
| **Grand Total** | **$0.00** |

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| E.J. | : | |
| *Plaintiff,* | : | CIVIL FILE ACTION |
| vs. | : | No.: 24A03955 |
| OLYMPIA HOTEL MANAGEMENT, LLC; | : | |
| KUZZINS BUFORD, LLC, ROBBIE | : | **DEMANDED** |
| PATTERSON; TONIA TENNESON; and | : | |
| JOHN DOES #1-5; | : | |
| *Defendants.* | : | |

## PLAINTIFF'S REQUEST FOR PRODUCTION – SET 1

**TO:   Olympia Hotel Management and Kuzzins Buford**

Pursuant to O.C.G.A. §§ 9-11-34 and 24-10-26, Plaintiff(s) requests that the above-named Defendant(s) respond to the following request for production within thirty-three days and serve a copy of the responsive documents and things along with your responses.  If you object to serving a copy of the responsive documents and things along with your responses, then please allow us to inspect them on the day your responses are due, at 10am, at the office of Plaintiff's attorney.  If you object to allowing an inspection at this time, place, and manner, then please state why this is unreasonable and then state a specific time, place, and manner for the inspection to occur. Permitting inspection "at a mutually agreeable time" is *not* a specific time, place, and manner and is nothing more than an attempt to unilaterally extend the time period for Defendant(s) to produce evidence.  Defendant(s) is further requested, pursuant to O.C.G.A. § 24-10-26, to produce the originals of the requested documents and things at every deposition, hearing, and trial of this case.

The bottom line is that "[a] corporate party must search all sources within the corporation.

1

The official answering the requests much secure the information from other sources within the corporation even though that official may have no personal knowledge of the matter." Judge Wayne M. Purdom, Ga. Civil Discovery § 12:7.

Please **Bates-number** any documents that you produce in response to these requests. Plaintiff(s) will Bates-number the documents that Plaintiff(s) produces to Defendant(s), and we cordially ask that Defendant(s) do the same. That way, the parties (and, if necessary, the Court) can tell what has been produced and what has not. The real virtue of Bates numbering is that, because it allows the parties to *verify* what was produced and when, instead of relying on counsels' memories, it greatly reduces the number of discovery disputes. And if a dispute does arise, Bates numbering often enables the parties or Court to resolve it.

If you would like an electronic copy of these requests in Microsoft Word format so that you can type your response underneath the request to which it responds, please let Plaintiff's counsel know and we will provide a Word version for your convenience.

## DOCUMENTS AND THINGS

**Initial Procedural Matters:**

1.

Identify a list of all evidence that was requested but not produced, identifying each piece of evidence by name, date, author, recipient and specifying the reason for withholding it. *See GMC v. Conkle*, 226 Ga. App. 34 (1997).

2.

Identify and produce any document evidencing that this Court lacks jurisdiction or venue over you, that there has been an insufficiency of process, or that there has been an insufficiency of

service of process upon you.

**Insurance:**

3.

Identify and produce every insurance agreement under any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy such a judgment. (**NOTE**: "insurance agreement" includes both declaration pages and actual insurance policies).

4.

Identify and produce every document that relates to any question or controversy as to whether or not coverage is afforded to you under any insurance agreement identified by you in any discovery response. (**NOTE**: "Controversy" includes any reservation of rights on the part of the insuring party).

**Duties and Relationship of Parties:**

5.

Identify and produce any contracts between you, any co-defendant, and/or any entity you claim is an indispensable party or that would be liable for any judgment obtained by Plaintiff(s) that were in effect for the day of the incident and the ten years before.

6.

Identify and produce any contract between you and any employee(s), agent(s), and/or vendor(s) who worked at the property for three years prior to the incident to the present.

**The Subject Incident:**

7.

Identify and produce all written and recorded statements relating to this incident (include written, audio, and video recordings).

8.

Identify and produce all documents reflecting your communications with Plaintiff and any governmental agency or officer that investigated this matter.

9.

Identify and produce all audio recordings, video recordings, and photographs of this incident and/or the scene of this incident. This would include any photographs or videos from the day of the incident regardless of whether you contend the evidence does not show Plaintiff or the area of the incident scene where the incident occurred.

10.

Excluding documents drafted by non-employee attorneys, identify and produce any report from any person who has investigated this incident.

11.

Identify and produce all evidence of (a) Sekerick Wilson; (b) Barrio Derek; (c) Eric Shelton; (d) Jaquecea Taylor; (e) Eric Shelton, (f) Haitham Alwafi; and (g) E.J. staying at the property including records showing them renting rooms, any complaints regarding their tenancy, etc.

12.

Identify and produce the work schedules or other documents revealing all employees and independent contractors at the property during the week before, the week of, and the week after

4

the sexual assault, ie., from July 31, 2017 to August 19, 2017.

**Attempts to Exercise Ordinary Care:**

13.

Identify and produce all internal incident, risk management, and/or inspection documentation regarding any crime at the property that occurred within the three years prior to the incident to the three years after the incident.

14.

Identify and produce all photographs, videotapes, crime logs, notes, e-mails, and other documentation that evidences any crime at the property within the three years prior to the incident to the three years after the incident.

15.

Identify (name, address, employer) and produce a vendor list for all property repair vendors for the three years prior to this incident to the three years after the incident.

16.

Identify and produce all crime notices and crime awareness flyers you provided to co-Defendants, guests, lessees, tenants, employees and/or independent contractors for the three years prior to the incident to present to the three years after the incident.

17.

Identify and produce all documents and e-mails that reference security or safety that you provided to co-Defendants, guests, lessees, tenants, employees, and/or independent contractors in the three years prior to this incident to the three years after the incident.

18.

Identify and produce all demands, complaints, interrogatory responses, and depositions

from litigation involving personal injuries on the premises and approaches of the subject property during your ownership and occupation of said property.

19.

Identify and produce all documents evidencing any changes in security measures that were considered or implemented at the property (by any Defendant, employee, or other party) in the three years prior to the incident to the three years after the incident.

20.

Identify and produce the policy and procedure manual, standard operation procedures manual, and employee handbook that were in effect at the time of the incident.

21.

Identify and produce any resident and/or guest screening criteria used by you at the time of the incident.

22.

Identify and produce all written instructions concerning property security that were in place from January 1, 2014 to December 31, 2017.

23.

Identify and produce all workbooks, training manuals, power point presentations, and advice manuals that reference sexual assault / sexual misconduct which were provided to you by any governmental agency, trade group association, and/or franchisor from January 1, 2014 to December 31, 2017.

24.

Identify and produce all reports to your franchisor concerning crimes alleged to have occurred at your facilities from January, 1, 2014 to December 31, 2017.

**Other Incident Information:**

25.

Identify and produce all police reports regarding any crime at the property that occurred within the five years prior to the incident to the three years after the incident.

26.

Identify and produce all documents you receive in response to all non-party requests, subpoenas, and open record requests concerning this lawsuit.

27.

Identify and produce the employee employment files for all employees who worked at the property from August 5, 2017 through August 12, 2017.

28.

Identify and produce a map of the property.

29.

Identify and produce all documents evidencing any crime at the property that was alleged to have occurred from three years prior to the incident to the three years after the incident.

30.

Identify and produce any employee, independent contractor, government official and/or citizen/customer complaints regarding safety and security at the property in the three years prior to the incident to the three years after the incident.

31.

Identify and produce all workbooks, training manuals, power point presentations, and advice manuals that reference crime, safety, or security which were provided to you by local law enforcement in the five years prior to the incident to the three years after the incident.

32.

Identify and produce all documentation related to Dekalb County or City of Brookhaven Code Enforcement actions regarding the subject premises from three years prior to the incident to the three years after the incident.

33.

Identify and produce all documents identified in your responses to interrogatories in this lawsuit.

34.

Identify and produce all documentary evidence relied upon to demonstrate and support facts relevant to this litigation.

**Internal Documents and Information:**

35.

Please gather, investigate, identify, and produce all emails that are relevant to any of the facts, people, witnesses, liability, and damages. If you refuse to search e-mails and other electronic records in responding to these requests, please state your reasons for the same.

**NOTE:**      Please contact Plaintiff's counsel to reach agreement on a cost-effective solution for searching electronic data.

36.

Identify and produce any documents relating to any person for whom a deposition is noticed in this case. Produce the file prior to the date of any deposition.

37.

Produce a document identifying and/or evidencing every commercial property you own and occupy in the State of Georgia. This would include tax assessment documentation which may illustrate your ownership of the subject property.

38.

Identify and produce your governing agreement between your shareholders / members / partners such as a partnership agreement, corporate bylaws, or membership agreement.

39.

Identify and produce documentation indicating the name and address of any bookkeeper and payroll contractor used by your from January 1, 2014 to December 31, 2017.

**Testing and Inspection:**

40.

Identify and produce all property inspection documents and all property disclosure documents for the property.

**NOTE:** Your answer should include those responsive documents that were produced in conjunction with any bank loan or potential bank loan on the property.

41.

Identify and produce all insurance inspection reports for the property.

**NOTE:** Your response should include all reports commissioned by your insurance agents.

42.

Identify and produce all due diligence inspection reports, all notes from due diligence inspections, and all property disclosures for the property.

**NOTE:** Your response should include any data gathered as a result of your anticipated purchase of the property.

43.

Identify and produce all documents provided to you by any insurance agent, insurance broker, or insurer evidencing a refusal to insure the property.

9

44.

Identify and produce all security assessment inspection documents.

45.

Identify and produce any correspondence or other documents (including emails, reports, forms, etc.) exchanged between you and any government entity regarding any government investigation or government-instituted action arising out of code or ordinance violations at the subject premises.

**Experts:**

46.

Identify and produce all reports received from any experts who have investigated any issue relevant to the subject incident and all materials relied upon by each expert in formulating their opinions in this matter.

47.

For each specially retained expert, identify and produce all invoices, billing records, time records, and expense records connecting with his/her involvement in this case and identify and produce a fee schedule and signed W9 tax form.

48.

For each specially retained expert, identify and produce a list of all cases in which the expert has, during the last four years, given a deposition or testified in court, including: (a) the jurisdiction; (b) the case number, (c) the party and attorney for whom the expert acted as a witness.

49.

For each specially retained expert, identify and produce their **COMPLETE AND ENTIRE FILE** for this matter, including, without limitation:

10

a.   A current and up-to-date resume or curriculum vitae;

b.   All documents reflecting his/her inspection of and/or experimentation upon any device or material at issue in this case

c.   All materials and documents provided to the expert no matter the source;

d.   All materials and documents prepared by the expert;

e.   All materials and documents the expert relied upon in reaching his/her opinions in this case;

f.   All research done by the expert in connection with this case;

g.   A list of all persons and background sources, if any, that the expert consulted with and/or rely upon in connection with this case;

h.   All notes, transcriptions and/or recordings of any type taken during or created after the experts' meetings or interviews in this case; and

i.   All correspondence and emails between the expert and any attorneys who represent the defendants in the case.

In connection with providing the expert's complete and entire file, **PLEASE OMIT NOTHING.**

**Prior Lawsuits:**

50.

Regarding the negligent security, nuisance, and sex trafficking cases of *Jane Doe 1 v. WHG SU Atlanta, LP et al.*, 1:19-cv-03840-WMR, *Jane Doe 2 v. WHG SU Atlanta LP et al.; Jane Doe 3 v. Extended Stay America, Inc. et al;* and *Jane Doe 4 v. WHG SU Atlanta LP et al.* in which it was alleged that you participating in sex trafficking ventures at the property, and allowing prostitution, sex trafficking, gang violence, and other violent crime to occur at the property between 2011 and 2016 (including allegations that a single trafficker controlled the entire third floor of the hotel with your knowledge and help), please produce the following:

a.   your interrogatory responses discussing crime, safety, policies & procedures, your duties and relationships to guests, other incidents, attempts to exercise ordinary care, inspection of

the property, staffing, and / or your corporate structure at the property.

   b.    all deposition transcripts in which any person discusses crime, safety, policies &
procedures, your duties and relationships to guests, other incidents, attempts to exercise ordinary
care, inspection of the property, staffing, and / or your corporate structure at the property.

   c.    your request for admission responses discussing crime, safety, policies &
procedures, your duties and relationships to guests, other incidents, attempts to exercise ordinary
care, inspection of the property, staffing, and / or your corporate structure at the property.

   d.    documents produced by you discussing crime, safety, policies & procedures, your
duties and relationships to guests, other incidents, attempts to exercise ordinary care, inspection of
the property, staffing, and / or your corporate structure at the property.

**NOTE:**    the protective orders in these matters by no means prohibits your sharing any
information that you stamped as confidential in these lawsuits.  While the protective orders may
impact your ability to share information that other parties marked confidential, the orders do not
contain a similar restriction regarding your documents.

This 8th day of July, 2024.

                                        */s/ Matthew B. Stoddard*
                                        Matthew B. Stoddard, Esq.
                                        Georgia Bar No. 558215
                                        M. Janine Bell, Esq.
                                        Georgia Bar No.: 538932
                                        THE STODDARD FIRM
                                        1534 N Decatur Road NE
                                        Atlanta, GA 30307
                                        P: 470-467-2200
                                        F: 470-467-1300
                                        matt@legalhelpga.com
                                        janine@legalhelpga.com
                                        **Attorneys for Plaintiffs**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| E.J. | : | |
| | : | |
| *Plaintiff,* | : | CIVIL FILE ACTION |
| | : | No.: 24A03955 |
| vs. | : | |
| | : | |
| OLYMPIA HOTEL MANAGEMENT, LLC; | : | |
| KUZZINS BUFORD, LLC, ROBBIE | : | **DEMANDED** |
| PATTERSON; TONIA TENNESON; and | : | |
| JOHN DOES #1-5; | : | |
| | : | |
| *Defendants.* | : | |

## 5.2 CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the following documents:

1. ***Plaintiff's Interrogatories;***

2. ***Plaintiff's Request for Production of Documents; and,***

3. ***Plaintiff's Request for Admissions***

will be served on the below listed party on the dates shown by the Notice of Service Forms or the

Acknowledgement of Service Forms that will be filed with the Court.  The party served was:

**Defendants**
Kuzzin Buford, LLC
c/o: Corporation Service Company,
registered agent
2 Sun Court, Ste. 400
Peachtree Corners, GA 30092

Olympia Hotel Management, ÒLC
c/o: Cogency Global, Inc.,
registered agent
900 Old Roswell Lakes Parkway
Suite 310

STATE COURT OF
DEKALB COUNTY, GA.
7/8/2024 12:01 PM
E-FILED
BY: Monica Gay

Roswell, Georgia 30076


Robbie Patterson
4741 Unicoi Place
Douglasville, Georgia

Tonia Tennerson
1331 Penny Lane SE, Apt 1331
Marietta, GA


   This 8th day of July, 2024.

             */s/ Matthew B. Stoddard*
             Matthew B. Stoddard, Esq.
             Ga. Bar No.: 558215
             M. Janine Bell, Esq.
             Ga. Bar No.: 538932
             THE STODDARD FIRM
             1534 N Decatur Road
             Atlanta, GA 30307
             P: 470-467-2200
             F: 470-467-1300
             Matt@LegalHelpGa.com
             janine@legalhelpga.com
             **Attorneys for Plaintiff**

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| E.J. | : | |
| | : | |
| *Plaintiff,* | : | CIVIL FILE ACTION |
| | : | |
| vs. | : | No.: 2403955 |
| | : | |
| OLYMPIA HOTEL MANAGEMENT, LLC; | : | |
| KUZZINS BUFORD, LLC, ROBBIE | : | **DEMANDED** |
| PATTERSON; TONIA TENNESON; and | : | |
| JOHN DOES #1-5; | : | |
| | : | |
| *Defendants.* | : | |

## PLAINTIFF'S INTERROGATORIES – SET 1

**TO:   Olympia Hotel Management and Kuzzins Buford**

Pursuant to O.C.G.A. § 9-11-33, Plaintiff(s) requests that the above-named Defendant(s) respond to the following interrogatories (under oath) within thirty-three days.

Please **Bates-number** any documents that you produce in response to these requests. Plaintiff(s) will Bates-number the documents that Plaintiff(s) produces to Defendants, and we cordially ask that Defendants do the same. That way, the parties (and, if necessary, the Court) can tell what has been produced and what has not. The real virtue of Bates numbering is that, because it allows the parties to *verify* what was produced and when, instead of relying on counsels' memories, it greatly reduces the number of discovery disputes. And if a dispute does arise, Bates numbering often enables the parties or Court to resolve it.

If you would like an electronic copy of these requests in Microsoft Word format so that you can type your response underneath the request to which it responds, please let Plaintiff's counsel know and we will provide a Word version for your convenience.

1

# DEFINITIONS

As used in these requests, the following terms have the following meanings:

*Correspondence*: means the transmission of any information, facts, opinions, documents, materials, credits, funds, or things from one party to another by whatever means accomplished.

*Document*: means and includes all papers, photocopies, microfilm, microfiche, <u>or electronically stored information</u> of any kind or character, including but not limited to writings, correspondence, letters, facsimiles (faxes), communications, messages, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, memoranda, meeting minutes reports, computer printouts, spreadsheets, studies, evaluations, projections, analyses, presentations, drawings, graphs, charts, books, statements, ledgers, financial records, checks, drafts, receipts, forms prescribe by government agencies or private persons, photographs, motion pictures, videotapes, videodiscs, DVD's, CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devises into reasonably usable and intelligible form.

*Electronically stored information*: means and includes information or data stored in any method or medium by which information, documents, records, data or data compilations, is stored or utilized by computers, including computer files, computer drivers, computer discs, emails, instant messages, text messages, chat messages, voice mails, drawings, illustrations, records, spreadsheets, presentations, drawings, graphs, charts, forms, photographs, motion pictures, videotapes, videodiscs, DVD's CD's, computer data storage media, images, digital or analog photographic images, videos, or audio recordings, audiotapes, other sound recordings, and any and all other data, sound or image compilations, stored in any medium from which information regarding the described transactions, incidents, or occurrences can be obtained, translated if necessary by the responding party through appropriate and necessary devices into reasonably usable and intelligible form, <u>including all metadata</u> relating to the information or data.

*Guest Safety* means the actions, policies, procedures, protocols, or guidelines used by the property manager to ensure that all guests on the property are protected from harm such as criminal activity or negligence.

*Hotel Brand* means the franchisor (if the Defendant alleges a relationship between franchisor and franchisee), parent company, brand manager, property owner, or management company as further defined herein.

*Suspicious Activity* means an occurrence that is out of place, out of the ordinary, or behavior by any person that would raise the suspicions of a reasonable person of dishonest, illegal, or criminal activities.

*Relating* means concerning, reflecting, pertaining to, mentioning, discussing, referring to,

documenting, evidencing, illustrating, or otherwise bearing upon in any way.

**"Property" or "premises"** means the property located at 1840 Corporate Blvd NE, Atlanta, GA.

**Unregistered Guest** means any person who enters a hotel room that is not registered with the Defendant Hotel's booking or reservation systems as someone who has rented, booked, or reserved the room in which they are present.

**You** and **your** mean and refer to the parties on whose behalf the response to a discovery request is being made and would include all of its present and former operating divisions, subsidiaries, and affiliates, both domestic and foreign, and any of their agents, servants, and/or employees. Additionally, these terms encompass counsel for the Defendants.

## INTERROGATORIES

**Initial Procedural Matters:**

1.

State the basis for any assertion that this Court lacks jurisdiction or venue over you, that there has been an insufficiency of process, or that there has been an insufficiency of service of process upon you.

2.

Identify any information concerning whether any party or witness has been convicted of a felony or a crime involving dishonesty, fraud, or moral turpitude.

3.

Provide the date upon which you reasonably anticipated litigation AND all facts and circumstances upon which you relied to anticipate litigation on that date.

**Insurance:**

4.

Identify any insurance policy (company name, policy number, liability limits) which may be

3

liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy such a judgment.

**Duties and Relationship of Parties:**

5.

Identify (name and address) all entities you believe are indispensable parties or that would be liable for any judgment obtained by Plaintiff(s).  State the facts you rely on for any party identified and state whether any party identified was a tenant, lessee or subsidiary of your company or corporation.

6.

For the ten years prior to the incident, identify (name, address, employer) any employee or vendor tasked with installing, replacing or repairing **security cameras,** at the property.  Identify the dates and times of any installments, replacements, and/or repairs and every person or entity involved in such work.  Additionally, identify the manufacturers of any of these items.

**The Subject Incident:**

7.

Describe your current understanding of how the incident occurred including a listing of each person or entity you believe caused or contributed to causing the occurrence.

8.

Identify (name, address, phone number, employer) all entities known to you that were at the property for the twenty-four hours before and the twenty-four hours after the incident.

9.

Identify (name, address, phone number, employer) all employees and contractors who were

4

on the property in August 2017.  State the company and a job description for each person named.

10.

Identify (name, address, phone number, employer) all persons who saw any part of the occurrence, arrived at the scene shortly after the occurrence, or who have knowledge regarding the circumstances surrounding the occurrence.  State what each person identified knows.

11.

Identify any written/recorded statements of persons with knowledge relevant to this lawsuit.

12.

Identify each photograph, video, drawing, computer simulation, or other item of demonstrative evidence that you and your agents are aware of by stating the nature of the item, how many items exist, the person who made the item, and the current location of the item.

13.

Identify any video recording system or photographs that documented any portion of the subject premises as it existed on the incident date regardless of whether the tapes have been overwritten, the photographs destroyed, or whether you contend the evidence does not show Sekerick Wilson or the area of the incident scene where the incident occurred.

14.

List any acts by E.J. that you believe contributed to the incident and/or E.J.'s injuries.

15.

Provide a detailed factual basis for each affirmative defense asserted by you in your answer.

16.

Excluding meetings with your lawyers, identify any assembly or meeting for the purpose of discussing this incident.

**Attempts to Exercise Ordinary Care:**

17.

Prior to this incident, are you aware that at least one crime was committed at the subject property during which an unregistered guest raped a guest?  If so, explain your understanding of any such incident(s), the date of such incident(s), identify (name, address, employer) any other entities with information on any such incident(s), and then describe what, if anything, you did in response to prevent rapes on the premises after such incident(s).

18.

From January 1, 2012 to August 8, 2017, describe the plan you had in place to identify and deter rape, attempted rape, armed robberies, and other violent crime such that incidents like this one did not happen at your property, and provide the identity (name, address, phone number, employer) of the person most responsible for implementing that plan.

19.

Prior to this incident, were you aware that the security cameras on premises were inoperable, and if so, had anyone suggested that the security cameras be replaced or repaired? Identify (name, address, employer) any persons who gave any such suggestions.

20.

What, if anything, was done by you in an attempt to avoid this incident?

21.

Identify any actions you took to investigate prior criminal activity at the property before this incident.

22.

State the substance of each conversation you had with Plaintiff at the time of or following the

occurrence including any statement that you claim Plaintiff made.

23.

Identify any warning provided to E.J. regarding any danger associated with the property.

**Other Incident Information:**

24.

Identify any other personal injury lawsuit in the last ten years where you were a party by stating the title of the action, the nature of the action, the court having jurisdiction, and the disposition of the case.

25.

For the three years prior to the incident, please identify (victim, victim address, incident date) all reports of rape, attempted rape, burglary, battery, assault, forced entry, shooting, gunshots, robbery, or other violent crime at the property.

26.

For the three years prior to the incident, identify (name, address, employer) any person or entity who has complained to you regarding security problems or criminal activity at the property.

27.

For the three years prior to the incident, identify (name and address) any law enforcement officer with whom you have discussed crime at the property.

**Internal Documents and Information:**

28.

Identify (name, address, employer) all persons who have relevant information concerning damage to any property resulting from the incident and specify what each person listed knows.

7

29.

From August 1, 2015 to December 31, 2017, identify the system you used to perform bookkeeping functions, your payroll company, your accountant, your bookkeeper, and any other person or entity that can help the parties use payroll records, W2 forms, and 1099 forms to identify all persons and companies who were working at the property during the August 1, 2015 to December 31, 2017 time period.

30.

Identify any updates, modifications, or implementation of any policies and procedures for the subject premises subsequent to this incident and identify (name, address, employer) any entity responsible for such task.

**Testing and Inspection:**

31.

State the time that the last inspection prior to this incident occurred, identify (name, address, employer) the person who performed the inspection, and state whether the area where this incident occurred was inspected.

32.

For the five years prior to this incident, identify (name and address) every entity who performed an inspection, such as inspections performed by insurance agencies, lenders, security companies, and franchisors, of the subject premises.

**Expert Witnesses:**

33.

Identify (name and address) every person you expect to call an expert witness and for each:

8

a.  State the subject matter on which the expert is expected to testify;

b.  State a summary of each expert's qualifications and competence to testify as an expert witness as to each subject on which the expert is expected to testify;

c.  State the substance of the facts and opinions to which expert is expected to testify;

d.  State a summary of the grounds for each of the expert's opinions; and

e.  Provide a list of all books, treatises, articles, or other works the expert regards as reliable reference works with respect to each subject on which the expert is expected to testify.

**General Information:**

34.

Identify (name, address, employer) every person other than your lawyers who has expressed an opinion concerning this incident and describe the opinion expressed.

35.

Identify all tangible evidence, not previously identified, that you believe demonstrates facts relevant to the claims and defenses in this case.

36.

Identify (name, address, employer) all persons not previously identified that could be relied upon to demonstrate and support facts relevant to the litigation.

37.

Identify the full names and state of residency and citizenship for each of your members.

This 8th day of July, 2024.

*/s/ Matthew B. Stoddard*
Matthew B. Stoddard, Esq.
Georgia Bar No. 558215
M. Janine Bell, Esq.
Georgia Bar No.: 538932
THE STODDARD FIRM
1534 N Decatur Road NE
Atlanta, GA 30307
P: 470-467-2200
F: 470-467-1300
matt@legalhelpga.com
janine@legalhelpga.com
**Attorneys for Plaintiffs**

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| E.J. | : |
| *Plaintiff,* | : CIVIL FILE ACTION |
| vs. | : No.:  24A03955 |
| OLYMPIA HOTEL MANAGEMENT, LLC; KUZZINS BUFORD, LLC, ROBBIE PATTERSON; TONIA TENNESON; and JOHN DOES #1-5; | : **DEMANDED** |
| *Defendants.* | : |

---

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
## AND LEAVE TO PROCEED VIA INITIALS WITH BRIEF IN SUPPORT

---

Matthew B. Stoddard
Janine Bell
THE STODDARD FIRM
1534 N Decatur Road
Atlanta, GA 30307
P: 470-467-2200
F: 470-467-1300
matt@legalhelpga.com
janine@legalhelpga.com

***Attorneys for Plaintiff***

## INTRODUCTION

Plaintiff requests permission to bring this action anonymously and for Defendant to be ordered to keep Plaintiff's identity confidential throughout the discovery process and until the Court further addresses the issue with the benefit of a full record.  Regardless of the outcome of this motion, Plaintiff agrees to disclose her name to the Defendant to avoid any prejudice.

## FACTS

Plaintiff was a minor victim of sexual assault. Given the intimate and private nature of the information Plaintiff must disclose over the course of this case, and based on advice of her counsel, Plaintiff does not wish to be publicly identified as a minor sexual assault victim to avoid further trauma.

## ARGUMENT

While parties to a lawsuit generally identify themselves in the pleadings, there are some circumstances that allow a Plaintiff to proceed anonymously. *Compare* O.G.C.A. § '9-11-10(a) *with Doe v. Archdiocese of Atlanta*, 328 Ga. App. 324 (2014).

Those circumstances include when the Plaintiff shows "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Hall*, 260 Ga. App. 421, 423 (2003).  The court can consider many factors when evaluating whether a plaintiff has shown that she has such a right including (1) whether the lawsuit involves "matters of sensitive and highly personal nature"; (2)  whether the plaintiff or an innocent non-party risks suffering physical or psychological harm if the plaintiff is identified, taking into consideration the age of the plaintiff; and (3) whether the plaintiff's anonymity imposes a risk of fundamental unfairness to the opposing party.  *See Doe v. Archdiocese of Atlanta*, 328 Ga. App. 324, 331 (2014).

Although not bound by federal and other state courts, the Georgia Court of Appeals recognizes the "considerable body of precedent…that claims predicated upon allegations of childhood sexual abuse may invoke a privacy interest so great as to warrant … [a] plaintiff to litigate using a pseudonym." *Id. at* 330-31. "In evaluating whether a plaintiff has shown that [s]he has such a right, the court should carefully review *all* the circumstances of a given case. . ." and determine whether denying the motion would require the Plaintiff "to disclose information of utmost intimacy." *Plaintiff B.*, 631 F.3d 1310, 1316 (11th Cir. 2011) (emphasis added). The court cannot review *all* the circumstances at this stage because there is not a full record.

This case is closely analogous to *Plaintiff B. v. Francis*, 631 F.3d 1310 (11th Cir. 2011) – commonly referred to as the "Girls Gone Wild" case.

In *Francis*, four women sued the defendant for producing, marketing, and selling "Girls Gone Wild" DVDs that showed the women engaging in leud sexual acts prior to their eighteenth birthdays. The women used pseudonyms in the complaint and moved to remain anonymous. The Court granted the motion and noted that it would revisit the issue before trial. **That is the exact relief Plaintiff seeks here.**

One year later, the plaintiff's filed a motion to preserve their anonymity during trial, but the media intervened and opposed the motion. The district court denied the motion (agreeing with the media) but stayed the case while the Plaintiffs appealed. At this point, the parties had developed a substantial trial court record – **a stage that the parties have reached here.**

Similar to *Francis*, The Georgia Court of Appeals reversed and held that the law permits a court to limit or prohibit public access when the record established the potential for harm from disclosure to a plaintiff outweighed the presumption of openness in judicial proceedings and any harm that anonymity might cause the defendant. *See Doe v. Archdiocese of Atlanta, supra.*

3

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court proceed similarly to the appellate court in Doe and the district court in *Francis* and enter an order allowing the Plaintiffs to proceed anonymously until further order of this Court so that the parties can establish a record on the issue of whether the potential harm the victims would suffer from disclosure outweighs the presumption of openness to the public and harm to the Defendant.

This 8th day of July, 2024.

<div style="margin-left:40%">

*/s/ Matthew B. Stoddard*
Matthew B. Stoddard, Esq.
Ga. Bar No.: 558215
M. Janine Bell, Esq.
Ga. Bar No.: 538932
THE STODDARD FIRM
1534 N Decatur Road
P: 470-467-2200
F: 470-467-1300
matt@LegalHelpGa.com
janine@LegalHelpGa.com

***Attorneys for Plaintiff***

</div>

STATE COURT OF
DEKALB COUNTY, GA.
7/8/2024 12:01 PM
E-FILED
BY: Monica Gay

4

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| | : | |
| E.J. | : | |
| | : | |
| *Plaintiff,* | : | CIVIL FILE ACTION |
| | : | |
| vs. | : | NO.: **24A03955** |
| | : | |
| OLYMPIA HOTEL MANAGEMENT, LLC; | : | |
| KUZZINS BUFORD, LLC, ROBBIE | : | **DEMANDED** |
| PATTERSON; TONIA TENNESON; and | : | |
| JOHN DOES #1-5; | : | |
| | : | |
| *Defendants.* | : | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR
## PROTECTIVE ORDER AND LEAVE TO PROCEED VIA INITIALS

This case comes before the Court on Plaintiff's Motion for Protective Order and Leave to Proceed Via Initials. The Court finds that Plaintiff's privacy and safety interests outweigh the public's interest in knowing Plaintiff's identity.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Protective Order and Leave to Proceed Via Initials is **GRANTED**. The Court hereby **Orders** that all material, documents, pleadings, exhibits, and evidence of any kind filed in this case shall refer to Plaintiff as E.J. with no other identifying information.

**IT IS SO ORDERED** this ____ day of July, 2024.

_____
DEKALB COUNTY STATE COURT

Prepared By:

*/s/ Matthew B. Stoddard*
Matthew B. Stoddard, Esq.
Ga. Bar No.: 558215
M. Janine Bell
Ga. Bar No.: 538932
THE STODDARD FIRM
1534 N Decatur Road
P: 470-467-2200
F: 470-467-1300
matt@LegalHelpGa.com
Janine@LegalHelpGa.com

*Attorneys for Plaintiff*

STATE COURT OF
DEKALB COUNTY, GA.
7/8/2024 12:01 PM
E-FILED
BY: Monica Gay

2

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| E.J. | : | |
| *Plaintiff,* | : | CIVIL FILE ACTION |
| vs. | : | NO.: 24A03955 |
| OLYMPIA HOTEL MANAGEMENT, LLC; | : | |
| KUZZINS BUFORD, LLC, ROBBIE | : | **DEMANDED** |
| PATTERSON; TONIA TENNESON; and | : | |
| JOHN DOES #1-5; | : | |
| *Defendants.* | : | |

## PLAINTIFF'S REQUEST FOR ADMISSIONS – SET 1

**TO**:  **Olympia Hotel Management and Kuzzins Buford**

Pursuant to O.C.G.A. Section 9-11-36, Plaintiff(s) request that the above-named

Defendant(s) respond to the following Requests for Admissions in the form provided by law within

thirty-three days.

Note that a request for admission is *not* objectionable on the grounds that it calls for a legal

conclusion or contains a mixed question of law and fact. To the contrary, "requests for admission

under O.C.G.A. § 9–11–36(a) are not objectionable even if they require opinions or conclusions of

law, as long as the legal conclusions relate to the facts of the case." *G.H. Bass & Co. v. Fulton*

*Cnty. Bd. of Tax Assessors*, 268 Ga. 327, 329 (1997).

### ADMISSIONS

1.

You have been correctly named in the present case insofar as the legal designation of

your name is concerned.

1

2.

You have either been properly served as a party defendant or have properly accepted service as a party defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

The court where this lawsuit is pending has subject matter jurisdiction over this case.

6.

The court where this lawsuit is pending has personal jurisdiction over you as a party defendant in this case.

7.

The venue where this lawsuit is pending is a proper venue for this case.

8.

Plaintiff has stated a claim upon which relief can be granted provided that Plaintiff(s) can prove the allegations in the Complaint.

9.

The incident referred to in Complaint did, in fact, occur on the following date at the following property:

**Date:**      August 8, 2017
**Property:**  1840 CORPORATE BLVD, Brookhaven GA 30329

10.

You own the property at issue.

<div align="center">11.</div>

You occupied the property at issue.

<div align="center">12.</div>

You are a for-profit business.

<div align="center">13.</div>

E.J. was an invitee at the property at issue.

<div align="center">14.</div>

You owed a duty to E.J. to use ordinary care to keep the property at issue safe.

<div align="center">15.</div>

E.J. suffered an injury because of the incident on August 8, 2017.

<div align="center">16.</div>

E.J did not cause or contribute to her injuries.

<div align="center">17.</div>

E.J. did not assume the risk of her injuries.

This 8th day of July, 2024.

*/s/ Matthew B. Stoddard*
Matthew B. Stoddard, Esq.
Georgia Bar No. 558215
M. Janine Bell, Esq.
Georgia Bar No.: 538932
THE STODDARD FIRM
1534 N Decatur Road NE
Atlanta, GA 30307
P: 470-467-2200
F: 470-467-1300
matt@legalhelpga.com

<div align="center">3</div>

janine@legalhelpga.com
**Attorneys for Plaintiffs**

4